IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHEN MATTHEW RUZBACKI,
*individually and as the next of kin of the
deceased, Toni Ruzbacki,*

     *Plaintiff,*

  v.

NEWHAVEN COURT AT CLEARVIEW, *et
al,*

     *Defendants.*

Civil Action No. 2:25-cv-753

Hon. William S. Stickman IV

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

 *Pro se* Plaintiff Stephen Matthew Ruzbacki ("Ruzbacki") brings a four-count second

amended complaint (ECF No. 33),[1] naming as Defendants Newhaven Court at Clearview

("Newhaven"), IntegraCare Corporation ("IntegraCare"), Krystal Pry ("Pry"), Rachelle Llewellyn

("Llewellyn"), Pennsylvania Secretary of Aging Jason Kavulich ("Kavulich"), and the

Pennsylvania Department of Aging ("PDA") (collectively, "Defendants"). Ruzbacki alleges that

Defendants isolated and neglected his late mother, Toni Ruzbacki ("Toni"), causing her death and

violating both his and her constitutional, statutory, and common-law rights. (*Id.* at ¶¶ 1–2). He

claims that conduct violated both his and Toni's due process rights under the Fourteenth

Amendment, as well as Toni's rights under Title II of the Americans with Disabilities Act. (*Id.* at

---

[1] Ruzbacki's second amended complaint (ECF No. 33) was docketed as his "Third Amended
Complaint," and Defendants Kavulich and PDA refer to it as such. (ECF No. 56). However,
Ruzbacki correctly titled the operative complaint as his "Second Amended Complaint," and the
Court refers to it accordingly.

¶¶ 19–26). Ruzbacki also brings claims for wrongful death and elder abuse under Pennsylvania law. (*Id*. at ¶¶ 27–33).

Defendants Newhaven, IntegraCare, and Pry have moved to dismiss the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 34). Llewyllen moved to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6), as did Kavulich and the PDA. (ECF Nos. 39 and 55). For the reasons set forth below, all of the motions to dismiss will be granted under Federal Rule of Civil Procedure Rule 12(b)(6).

## I.    FACTUAL BACKGROUND

Toni passed away on January 8, 2025. (ECF No. 1, ¶ 17). In February 2023, Llewyllen was appointed as Toni's emergency guardian by the Butler County Orphans' Court. (*Id*. at ¶ 12). Ruzbacki claims that appointment was made without Toni having been afforded an independent evaluation, trial by jury, or meaningful opportunity to be heard. (*Id*.). Toni was placed in Newhaven's care during Llewyllen's guardianship. (*Id*. at ¶ 13). Newhaven is operated by IntegraCare, a corporation that owns and operates senior living facilities. (*Id*. at ¶¶ 6–7). Pry is a Newhaven employee that was directly involved in decisions regarding Toni's care and visitation. (*Id*. at ¶ 8). During Toni's residency at Newhaven, Ruzbacki alleges that he was denied private, in-person visitation with her by Llewyllen, Pry, and other Newhaven staff members. (*Id*. at ¶ 14). He also alleges that Toni was denied adequate medical care, subjected to prolonged isolation, neglected, and overmedicated. (*Id*. at ¶ 15). Ruzbacki alleges that Toni's death was caused, or at least hastened, by the neglect, isolation, and treatment she received at Newhaven. (*Id*. at ¶ 17).

## II.    STANDARD OF REVIEW

### A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), a court must grant a motion to dismiss if there is a lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). A plaintiff bears the burden of persuasion that federal jurisdiction is present. *Saint Vincent Health Ctr. v. Shalala*, 937 F. Supp. 496, 501 (W.D. Pa. 1995) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). The threshold to survive a motion to dismiss under Rule 12(b)(1) is lower than that under Federal Rule of Civil Procedure Rule 12(b)(6) ("Rule 12(b)(6)"). *Lunderstadt v. Colafella*, 886 F.2d 66, 70 (3d Cir. 1989). This is because dismissal for lack of jurisdiction cannot be predicated on the mere probability that a plaintiff's legal theories are false; a court will only dismiss for a lack of jurisdiction if a plaintiff's legal theories (1) are solely proffered to obtain federal jurisdiction but otherwise are immaterial or (2) are "insubstantial on their face." *Growth Horizons, Inc. v. Del. Cnty., Pa.*, 983 F.2d 1277, 1280 (3d Cir. 1993) (quoting *Bell v. Hood*, 327 U.S. 678, 773, 776 (1946)).

### B. Rule 12(b)(6)

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted

3

inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

### C. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). In practice, this liberal pleading standard works as "an embellishment of the notice-pleading standard set forth in the Federal Rules of Civil Procedure." *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring). If a court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969). "*Pro se* litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.    ANALYSIS

### A. Motions to Dismiss

#### 1.  *Federal Law Counts–Counts I and II*

The Court evaluates Ruzbacki's claims under the standard set forth by Rule 12(b)(6). Congress's conferral of federal-question jurisdiction enables the Court and its counterparts to hear cases "arising under" the Constitution and laws of the United States. *See* 28 U.S.C. § 1331. When federal law creates the cause of action asserted, a suit falls within that statutory grant. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). Ruzbacki brings his claims at Counts I and II under federal law. (ECF No. 33, ¶¶ 19–26). While Newhaven, IntegraCare, and Pry argue otherwise, the Court has subject-matter jurisdiction to adjudicate those claims. (*See* ECF No. 35, pp. 5–6).

At Count I, Ruzbacki claims that Llewellyn, Pry, IntegraCare, and Newhaven acted under color of state law to deprive Toni of unspecified liberty and property interests without due process of law under 42 U.S.C. § 1983. (ECF No. 33, ¶ 20). Ruzbacki claims that they effectuated that deprivation by isolating Toni from her family, denying reasonable visitation of her, and by making medical and personal decisions for her without lawful authority or adequate procedural safeguards. (*Id.*). Ruzbacki also claims that the same conduct deprived him of his liberty interest in the companionship, care, and society of his mother. (*Id.* at ¶ 21).

Section 1983 provides a cause of action against any person who, acting under the color of state law, deprives another of his or her federal rights, and, under certain circumstances, the municipal employer and/or supervisor of such a person. To obtain relief under § 1983, a plaintiff

5

must make a two-prong showing: (1) that he suffered a violation of a right secured by the Constitution and laws of the United States and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See Karns v. Shanahan*, 879 F.3d 504, 520 (3d Cir. 2018) (citations omitted).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Barna v. Cty. of Perth Amboy*, 42 F.3d 809, 815–816 (3d Cir. 1994) (citing *West v. Atkins*, 487 U.S. 42, 49 (1988)). "Color of law" can also mean under "pretense" of law, and someone who lacks actual authority but purports to act according to official power, may also act under color of state law. *Id.* at 816. A private actor can only be said to act under color of state law if that actor's conduct is "fairly attributable" to the state. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (3d Cir. 1982). To determine whether a private actor acted under color of state law, a court considers (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state, (2) whether the private party has acted with the help of or in concert with state officials, and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). The "color of state law element is a threshold issue," and thus there is no liability under § 1983 if the defendants were not acting under color of state law. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

For Count I to proceed, Llewellyn, Pry, IntegraCare, and Newhaven must have acted under color of state law by virtue of their actual authority or the pretense thereof. Ruzbacki does not plead facts describing the official authority of the above-named defendants, nor do any facts in the

6

Second Amended Complaint demonstrate that they acted as if they possessed such authority. Newhaven and IntegraCare are private entities, and Pry is their private employee. Nothing in the complaint indicates that Llewellyn exercised state authority or purported to do so. Llewellyn's status as a court-appointed guardian did not cloak her with the authority of the state, nor did she undertake functions traditionally reserved to it. *See Shermot v. Bucci*, No. 20-CV-2719, 2020 WL 3542377 at *4 (E.D. Pa. 2020) (collecting cases).

Since no Defendant named at Count I plausibly acted under color of state law, this claim will be dismissed with prejudice as the Court finds amendment would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility); see also 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2024) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."). Defendants cannot plausibly be construed as having acted under color of state law. Furthermore, the cause of action is not cognizable under the Fourteenth Amendment. When considering any claim arising under § 1983, the Court must address "whether the plaintiff has alleged the deprivation of an actual constitutional right at all." *McCurdy v. Dodd*, 352 F.3d 820, 826 (3d Cir. 2003). It is well-settled that the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the custody, care, and control of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). But no court that binds this one has ever held that the due process clause extends to parents a liberty interest in the companionship of their adult children. *McCurdy*, 352 F.3d at 829. When no such right has been recognized, this Court is

not empowered to recognize a novel and corollary liberty interest in the companionship of a person's adult parent. Thus, Count I will be dismissed with prejudice.

At Count II, Ruzbacki brings a claim under Title II of the Americans with Disabilities Act ("ADA") against the PDA and Kavulich. (ECF No. 33, p. 6). To state a claim under Title II of the ADA, a plaintiff must demonstrate that (1) he is a qualified individual, (2) with a disability, and (3) was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity (4) by reason of his disability. *Durham v. Kelley*, 82 F.4th 217, 225 (3d Cir. 2023). Ruzbacki claims that Toni was a disabled individual who qualified for protection under Title II of the ADA, but he does not provide any factual details about her disability. (*Id* at ¶ 24). He alleges that the PDA and Kavulich failed to ensure that Toni had equal access to services, programs, and activities free from discrimination, as well as that they failed to intervene to stop her isolation and neglect despite their notice of it. (*Id* at ¶ 25). However, he does not plead any factual details regarding that alleged discrimination, nor does he describe how the PDA and Kavulich failed to ensure that Toni's care at Newhaven was ADA-compliant (or how they were on notice that it was not).

Furthermore, Ruzbacki asserts this claim on behalf of his mother while claiming that the allegedly discriminatory conduct caused him an injury, too. This creates a standing defect. Article III of the Constitution provides that federal courts may only exercise jurisdiction over "Cases" and "Controversies." U.S. Const. art. III, § 2. The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). As the "party invoking federal jurisdiction," Ruzbacki bears the burden of establishing standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). He must show that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the

8

defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560–61). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560).

Ruzbacki does not possess in his own right any cognizable cause of action stemming from the alleged violation of Toni's rights under the ADA. He likewise lacks standing to pursue her claims. Because Ruzbacki has not shown how an alleged violation of Toni's rights under the ADA was concrete and particularized as to himself, the Court holds that amendment of Count II would be futile. Accordingly, Count II will be dismissed with prejudice.

### 2. *State Law Counts–Counts III and IV*

At Counts III and IV, Ruzbacki brings causes of action under Pennsylvania law for wrongful death and elder abuse, respectively. (ECF No. 33, ¶¶ 27–33). The Court has dismissed all claims over which it had original jurisdiction and it declines, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"). The Court finds that the factors of judicial economy, convenience, fairness, and comity all weigh in favor of this Court declining to exercise supplemental jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). Counts III and IV will be dismissed without prejudice for Ruzbacki to pursue them in state court.

**B. Motion For Leave to Substitute Real Party In Interest**

Under Federal Rule of Civil Procedure 17(a)(3) ("Rule 17(a)(3)"), Ruzbacki moves the Court for an order that allows "a reasonable time to secure [Ruzbacki's] appointment as personal representative of the Estate of Toni Ruzbacki" and "permitting joinder/substitution of the personal representative as the real party in interest on survival-based claims (including § 1983 and any state survival claims), with relation-back of the existing pleading." (ECF No 43, ¶ 1). The purpose of Rule 17(a)(3) is to prevent forfeiture of an action when determination of the right party to sue is difficult or when an understandable mistake has been made. *Gardner v. State Farm Fire and Cas. Co.*, 544 F.3d, 553, 563 (3d Cir. 2008); *see also* 6 C. Wright and A. Miller, Federal Practice and Procedure § 1555 (1971).

No mistake exists with respect to Ruzbacki's decision to name himself as plaintiff. He seeks redress for injuries to himself at Counts I and III, as well as for injuries to his mother, Toni, at all counts. As noted above, all federal claims are being dismissed with prejudice. With respect to the claims that Ruzbacki brings on his mother's behalf, he now seeks to substitute himself as her estate's personal representative, evidently in response to Llewyllen's challenge to his lack of standing. (ECF No. 43, ¶ 3). Ruzbacki's motion does not demonstrate that he has secured status as personal representative of his mother's estate. To date, he has not filed any materials demonstrating that he has secured such status. Since Ruzbacki is not the personal representative of Toni's estate, the Court cannot grant his motion under Rule 17(a)(3). Even if he has secured such status, the Court is without any indication that Ruzbacki intended to bring this action as Toni's personal representative but mistakenly did so in his own name. Ruzbacki's Rule 17 motion will be denied.

### C. Motion to Bifurcate Limited Issues

Ruzbacki has also filed a "motion to bifurcate limited issues." (ECF No. 51). He requests that the Court "permit Plaintiff's [federal law] claims to proceed to consideration of the pending Rule 12 motions on the merits" and "hold in abeyance only the estate-based wrongful death and survival claims pending completion of the Rule 17(a)(3) substitution and any required Certificate-of-Merit filings." (*Id.* at ¶ 3). As the Court construes the motion, Ruzbacki is asking the Court to sever his federal claims from his state law claims. According to Ruzbacki, this would preserve judicial economy and avoid prejudice by allowing the Court to resolve his federal law claims while providing him leave to secure his substitution as the personal representative of Toni's estate. (*Id.* at ¶¶ 4–5). The Court is without authority to grant Ruzbacki's motion. It cannot sever his claims. *See Argueta v. U.S. Immigration and Customs Enforcement*, 643 F.3d 60, 74 (3d Cir. 2011) ("courts must determine whether the complaint as a whole contains sufficient factual matter to state a facially plausible claim") (citations omitted). Even if it could, doing so would not preserve judicial economy or avoid prejudice to the non-moving parties. As noted above, all federal claims will be dismissed with prejudice. The motion will be denied.

### D. Motion for Leave to File Certificate of Merit

Ruzbacki has also moved for leave to file a certificate of merit. (ECF No. 54). Because his federal claims will be dismissed with prejudice, and because the Supreme Court has recently held that certificate of merit requirements do not apply in federal court, his motion will be denied as moot. *See Berk v. Choy*, No. 24-440, 2026 WL 135974, at *7 (U.S. Jan. 20, 2026) (holding that Federal Rule of Civil Procedure 8 precludes certificate of merit requirements in federal court).

## IV.    CONCLUSION

For the reasons set forth above, Defendants' motions will be granted, and Ruzbacki's motions will be denied.  An Order of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

__2/11/26_____
Dated